IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00140-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW MARRE,

    Defendant.

_____

ORDER OF DETENTION
_____

    THIS MATTER came before the Court for a detention hearing on April 10, 2019.  Present were the following: Greg Holloway, Assistant United States Attorney; Matthew Belcher, Assistant Federal Public Defender, counsel for the defendant; and the defendant.  The Court reviewed the Pretrial Services Report and considered the comments of counsel.

    The Court has concluded that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purposes of an appearance in connection with this proceeding.

    DATED and ENTERED this 10th day of April, 2019.

                                                        BY THE COURT:

                                                        s/ Kristen L. Mix
                                                         U.S. Magistrate Judge
                                                         Kristen L. Mix

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  19-cr-00140-RBJ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MATTHEW MARRE,

      Defendant.

_____

FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION
_____

      THIS MATTER came before the Court for a detention hearing on April 10, 2019.  The Court has taken judicial notice of the Pretrial Services Report and considered the comments of counsel.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure  the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

>   (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violating 8 U.S.C. § 1039, fraud in obtaining confidential phone records.

Second, the government offered the following evidence: Defendant is a convicted felon. The defendant's Probation Officer testified that while on probation relating to the offense of stealing equipment from the National Guard, defendant created a fictitious company, including a website, fake address and phone number, and false pay stubs. While on release to a halfway house, defendant falsified his time cards relating to his employment. The Probation Officer testified that she learned in the course of supervision that nothing the defendant was telling her was the truth, and when she confronted him she was very uncomfortable. She feared that he was following her and spotted vehicles outside of her home with equipment similar to equipment she saw on vehicles maintained by defendant. Detective Thrapp, a Task Force Officer whose investigation led to the instant charges, testified that the defendant worked as a bond recovery agent and exploited emergency law enforcement lines at four major cell phone companies to obtain GPS information on certain phone numbers for the purpose of locating individuals who had jumped bond. The defendant misrepresented to the companies that each individual was a suicide risk and submitted false information both orally and in writing to obtain the individuals' cell phone GPS information. In reviewing records of defendant's activities for the past year, Det. Thrapp noted a high number of instances where the defendant attempted to recover an individual by himself and used force to do so. Det. Thrapp further testified that on two occasions, defendant's actions in taking individuals into custody involved deploying a Taser on the person, both of whom suffered serious injuries and had to be hospitalized. In addition, defendant hog-tied a woman he was attempting to take into custody, a method of restraint no longer authorized to be used by police departments because it can cause death or serious injury. Defendant's associates reported two instances in which he possessed a weapon, in violation of the law. One associate described the defendant handling multiple firearms in the basement of another associate in 2018. Defendant's associates further report him wearing body armor, wearing a fake badge and carrying a Taser while using a vehicle with flashing lights consistent with law enforcement to effectuate "traffic stops." Defendant further told an associate that he hated his female Probation Officer and wanted her killed. After his arrest on the instant charges, defendant called an associate and asked him to transfer money from a bank account to a safer location and to "tell everyone to shut up." The Court concludes from the evidence regarding the defendant's pattern of behavior that he does not believe the rules apply to him.

Third, according to the Pretrial Services Report, the defendant failed to appear on four occasions which resulted in issuance of warrants and he has two instances of failing to comply with supervision.

After considering all of the factors set forth in the Bail Reform Act and the offenses charged in this case, I find that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community. In support of those findings, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant is found guilty of the charged offense.

DATED and ENTERED this 10th day of April, 2019.

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix