IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00140-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MATTHEW MARRE,

       Defendant.

---

## DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT

---

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the Defendant, Matthew Marre, by and through his attorney of record, Assistant Federal Public Defender Matthew K. Belcher, and hereby submits the following objection to the Presentence Investigation Report (Doc. # 43).

### Objection No. 1:

    Mr. Marre objects to Probation's determination that the counts of conviction do not form a single Group under § 3D1.2.[1]

    Section 3D1.2's overarching commandment is that, "all counts involving substantially the same harm shall be grouped together into a single Group."  Following this simple directive, Mr. Marre's counts of conviction should form one single Group, as each count of conviction involves the exact same harm.  No separate or distinct harm occurred in one count of conviction that did not occur in any of the other counts.  Mr. Marre's offense behavior, lying in order to obtain

---

[1] Offense Level Computation is found between paragraphs 55-88 of the PSR.

location information from a telephone company, was ongoing and continuous in nature, and is covered by a single guideline, § 2H3.1. As such, each count of conviction should be grouped and create one single Group for guideline calculation purposes. *See* § 3D1.2(d) and Application Note 6.

Undersigned counsel is not aware of any federal case law that addresses whether or not offenses covered by § 2H3.1 should be grouped pursuant to § 3D1.2(d). The Sentencing Commission is likewise silent on the matter, having not included § 2H3.1 in the "to be grouped" chart or the "never to be grouped" chart found in § 3D1.2(d). However, an analogous offense offers insight into the Commission's thinking. Under § 3D1.2(d), all offenses covered by § 2B1.1 shall be grouped into a single Group. Included in § 2B1.1 offenses are violations of 18 U.S.C. § 1001, Making a False Statement. Accordingly, if a defendant is convicted of making multiple false statements to multiple agencies or individuals, each of these counts would be grouped for purposes of determining the total offense level, despite there being multiple victims. *See, e.g., United States v. Bruce*, 909 F.Supp. 1034, 1040-1041 (grouping all false statement counts of conviction under 18 U.S.C. §§ 1001, 1006, and 1007, despite the false statements being made to multiple federal agencies).

Furthermore, there is no rule enunciated in § 3D1.2 that requires the Court not to group the counts simply because there were different victims. To the contrary, the Commission notes, as an example, a scenario where a defendant is convicted of two counts of theft of social security checks and three counts of theft from mail, each from a different victim. *§ 3D1.2*, app. n. 6. In that scenario, all five counts would be grouped together, notwithstanding the fact that there were five different victims. *Id.*

In short, Mr. Marre's counts of conviction all involve the same harm, were part of an ongoing and continuous offense behavior, and are all covered under the same guidelines section, § 2H1.3.  As such, under § 3D1.2(d), all counts of conviction here should be grouped into one single Group.  Mr. Marre's offense is similar to the offenses set out in 18 U.S.C. §§ 1001, 1006, and 1007, all of which prohibit the making of false or fraudulent statements to different entities or agencies, and all of which would be grouped into a single Group pursuant to § 3D1.2(d).

Without the multiple count adjustment found at paragraph 81 of the Presentence Investigation Report, the total offense level would be 9/II, resulting in an advisory guidelines range of 6 to 12 months.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Email:  Matthew_Belcher@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2019, I electronically filed the foregoing **Defendant's Objections to the Presentence Report** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Gregory Holloway, Assistant U.S. Attorney
Email:  gregory.holloway@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Matthew Marre
via mail

/s/ Cecilia Hernandez
Cecilia Hernandez, Legal Assistant
Office of the Federal Public Defender