## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:19-cr-00140-RBJ-01

UNITED STATES OF AMERICA,

      Plaintiff,

v.

  **1.**    **MATTHEW MARRE,**
  2.    RYAN MEDHURST,

      Defendants.

---

## GOVERNMENT'S RESPONSE TO DEFNEDANT'S OBJECTION
## TO THE PRESENTENCE REPORT [Document 49]

---

The United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Greg Holloway, files the following Government's Response to the Defendant's Objection to the Presentence Report [*Docket #49*], and states as follows:

The defendant's objection fails to recognize that counts involving distinctly different victims logically do not involve "substantially the same harm."   Counts "involving the same victim and … acts or transactions connected by a common criminal objective or constituting part or a common scheme or plan" are considered to involve the same harm.   U.S.S.G. §3D1.2(b). *See United States v. Hibbler,* 159 F.3d 233, 237 (6th Cir. 1998) (remanded for resentencing because child pornography offenses should not have been grouped as involving only one victim, namely society in general, because in fact each image depicted a different child victim); *United States v. O'Kane,* 155 F.3d 969, 92-973 (8th Cir. 1998) (remanded for resentencing because

1

district court should not have grouped fraud and money laundering counts because different victims were involved); *United States v. Napoli,* 179 F.3d 1, 7-8 (2d Cir. 1999) (rejecting defendant's argument to group fraud and money laundering counts because grouping only allowed when counts involve the same victim).

Rather than follow the plain reading of the guidelines, the defendant's objection instead erroneously relies on analysis related to guideline calculations involving "amount of loss" in determining the aggregate harm of a defendant's actions and ultimately a defendant's sentence. Citing to examples in Application Note 6, the defendant's position fails to account for the fact that this note specifically applies to crimes "where the guidelines are based primarily on quantity or contemplate continuing behavior…." U.S.S.G. §3D1.2(d), Application Note 6.

Moreover, the defendant's reliance on *United States v. Bruce,* 909 F.Supp. 1034, 1040-1041 (N.D. Ohio 1995), is similarly misplaced. The defendant's brief posits that *Bruce* supports the idea that counts should be grouped even when involving multiple victims. This is an incorrect reading of *Bruce*. The *Bruce* case involved a defendant who was a director and executive vice president of a financial institution and fraudulently had altered financial records. Bruce subsequently lied about his actions to financial investigators from both the Office of Thrift Supervision (OTS) and the Federal Deposit Insurance Corporation (FDIC) after the institution failed. The specific holding by the district court in *Bruce* is that "the determination of the amount of loss is not limited to the counts to which Bruce pled guilty. Rather, where the offenses should be grouped under §3D1.2(d), the relevant conduct includes all acts and omissions committed by the defendant that were part of the same course of conduct as the

offenses resulting in the conviction." *Bruce,* 909 F.Supp. at 1040.   The *Bruce* defendant's false statements and his altering of records were in the same course of conduct because they involved the records of his single, specific institution and related to the failure of that institution.   *Id.* at 1041.   The *Bruce* analysis, focused on determining the total amount of loss attributable to a defendant's actions, does not instruct courts to ignore harm inflicted on separate victims.

A plain reading of the guidelines and case law instruct the opposite.   The Sixth Circuit has held that in order to determine whether the counts should be grouped together, a court must determine whether the counts involve:   (1) the same victim; and (2) the same act or transaction. *United States v. Hibbler,* 159 F.3d at 236.   Only in those instances where there is no identifiable victim should a court deem the primary victim to be society.   *Hibbler*, 159 F.3d at 237 (citing *United States v. Ketcham,* 80 F.3d 789, 792-93 (3d Cir. 1996)).   Likewise, in *United States v. O'Kane*, the Eighth Circuit held that to group counts properly, "the court must determine that the same person or entity was the victim of both crimes."   *O'Kane,* 155 F.3d at 972.   The Second Circuit also found grouping is only allowed when counts involve the same victim.   *United States v. Napoli,* 179 F.3d at 7.

Defendant Marre's actions here caused harm to four different cellular phone carriers: Verizon, AT&T, Sprint, and T-Mobile.[1]   Thus the harm to each carrier is not the same – it is specific to each one.   The defendant's objection should be denied under the plain reading of the

---

[1] Arguably, there could be more victims if one were to consider the person possessing the phone whose number was requested fraudulently by the defendant as the victim of his actions.

3

guidelines and reasoning consistent with *United States v. Hibbler*; *United States v. O'Kane*; and

*United States v. Napoli.*

Respectfully submitted,

JASON R. DUNN
United States Attorney
s/ *Greg Holloway*
By:    GREG HOLLOWAY, WSBA #28743
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: Gregory.Holloway@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2019, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFNEDANT'S OBJECTION TO THE PRESENTENCE REPORT [Document 49]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Matthew K. Belcher
        Email: Matthew_Belcher@fd.org

Brian R. Leedy
        Email: bleedy@hmflaw.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand deliver, etc.) indicated by the non-participant's name:


        *s/ Maureen Carle*
        Maureen Carle
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100

5