CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. VS. MATTHEW MARRE                                              DKT. NO. 1:19CR00140-1

### PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Michael Bohlen, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Matthew Marre, who was placed on supervision by the Honorable R. Brooke Jackson, sitting in the United States District Court in Denver, Colorado, on December 20, 2019.  The defendant was sentenced to 15 months imprisonment and 3 years supervised release for an offense of Fraud in Connection with Obtaining Confidential Phone Records, 8 counts, in violation of 18 U.S.C. §§ 1039 and 2.  Supervision commenced on April 24, 2020, and is set to expire on April 23, 2023.  As noted in the judgment [Document 57], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **YOU MUST NOT ENGAGE IN AN OCCUPATION, BUSINESS, PROFESSION, OR VOLUNTEER ACTIVITY THAT WOULD REQUIRE OR ENABLE YOU TO ACT AS A PUBLIC SAFETY OFFICER.**

On or about October 18, 2022, the defendant engaged in an occupation acting as a public safety officer, which constitutes a Grade C violation of supervised release.

According to the Denver Police Department report, on October 18, 2022, officers were called to a scene of an assault. The reporting party was identified as Matthew Marre. Upon contact, the defendant identified himself as a bondsman for Surefire Solutions. The defendant advised the police that he was acting as a bail bondsman and was attempting to take a suspect into custody when the suspect pulled a knife and attempted to stab him. The defendant continued to chase the fugitive on foot and deployed his taser during the incident. The defendant reported he sub-contracted with All Day All Night Bail Bonds to apprehend the suspect.

According to the police report, the defendant was wearing a black tactical vest, which has the word "Agent" over the name, "J. Wells."  The vest has a taser in a holster, an expandable baton behind the taser, the letters COBTF, and a badge on the vest.  There is a radio shoulder mic at the top of the vest and what appears to be a set of handcuffs on the vest.  A picture of the defendant is attached to the report. The defendant

Case 1:19-cr-00140-RBJ   Document 99   Filed 11/07/22   USDC Colorado   Page 2 of 3

Matthew Marre  
1:19CR00140

Petition for Choose an item.  
Page 2

November 7, 2022

provided a signed victim statement further documenting his employment as a bondsman.

2. **YOU MUST NOT OWN, POSSESS, OR HAVE ACCESS TO A FIREARM, AMMUNITION, DESTRUCTIVE DEVICE, OR DANGEROUS WEAPON (i.e. anything that was designed, or modified for, the specific purpose of causing bodily injury or death to another such as nunchakus or tasers).**

On or about October 18, 2022, the defendant was in possession of a Taser, which constitutes a Grade C violation of supervised release.

As noted above, the Denver Police Department report indicates the defendant was in possession of a taser while working as a bondsman. The defendant's written statement confirms that he had a taser in his possession and deployed it while attempting to apprehend the suspect. Additionally, the photograph provided by the report shows the defendant in a tactical vest with a taser in a holster.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant is on supervision for an offense where he was working as a bondsman, acting in a law enforcement capacity, and committed fraud. Based upon this behavior, he was specifically ordered by the Court to not engage in an occupation acting as a public safety officer. The defendant's behavior is not only a violation of court orders, but it presents a public safety issue.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

**/s/Michael Bohlen**  
Michael Bohlen  
United States Probation Officer  
Place:   Colorado Springs  
Date:    November 7, 2022

**/s/Travis L. Cormaney**  
Travis L. Cormaney  
Supervisory United States Probation Officer  
Place:   Colorado Springs  
Date:    November 7, 2022

Case 1:19-cr-00140-RBJ   Document 99   Filed 11/07/22   USDC Colorado   Page 3 of 3

Matthew Marre
1:19CR00140
Petition for Choose an item.
Page 3
November 7, 2022

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category II, thus the advisory guideline range for revocation is 4 to 10 months custody.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community.